OPINION
{¶ 1} Plaintiff-appellant, Painesville City Local Schools Board of Education ("the Board"), pursuant to R.C. 2711.15, appeals the judgments of the Lake County Court of Common Pleas, denying the Board's motion to vacate and confirming the arbitration award which ordered the reinstatement of Karyn Crow's employment with the Board. Defendant-appellee, Ohio Association of Public School Employees Local 393, ("the Union"), represents Crow's interests in this appeal. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The instant action involves a labor grievance filed by the Union, on behalf of Crow, a school bus driver employed by the Board, who was covered by a three year Collective Bargaining Agreement, which was negotiated between the Board and the Union in September 2003.
 {¶ 3} Crow was terminated from her employment following separate altercations between herself and Mary Zagar, another bus driver, which occurred on the grounds of the Board's Transportation Compound and which later continued offsite. Crow was apparently upset that Zagar had been assigned to a particular bus route, as well as the supposed manner in which Zagar had secured this assignment. On Friday, April 23, 1994, Crow hailed and boarded the bus driven by Zagar as it pulled into the Transportation lot, and proceeded to confront her in a verbally abusive and belligerent manner.
 {¶ 4} The following Monday, Crow again confronted Zagar and exchanged words in the Smoking Area outside the Transportation Supervisor's office. Eventually, the Transportation Supervisor and the Assistant to the Transportation Supervisor both intervened in an attempt to quell the disturbance, eventually ordering both Zagar and Crow to leave the premises. There was evidence that at some point during this altercation, Crow either pushed or bumped into one or both of the supervisors.
 {¶ 5} Upon leaving the premises, Crow, accompanied in a vehicle by her husband, allegedly followed Zagar. While stopped at a traffic signal, Crow allegedly left her vehicle and again confronted Zagar, and both verbally and physically threatened her. Zagar later reported this alleged altercation to her supervisors.
 {¶ 6} Based upon these events, the Board, on May 4, 2004, adopted a resolution to suspend Crow without pay and to consider termination of her contract of employment. Crow responded by initiating a grievance procedure through the Union.
 {¶ 7} On May 11, 2004, Crow received a letter informing her that the Board had voted to terminate her contract of employment "for violation of Board adopted rules and regulations, insubordination, failure to maintain good behavior, and other good and just cause." On May 20, 2004, the Union made a formal grievance presentation on Crow's behalf, requesting that Crow be reinstated to her bus driver position, along with a request for back pay and reinstatement of her benefits retroactive to May 10, 2004.
 {¶ 8} The parties agreed to submit the issue to binding arbitration through the Federal Mediation and Conciliation Service. After the parties selected an arbitrator, the matter came to hearing on October 11, 2004.
 {¶ 9} Following the hearing, the arbitrator ruled in favor of Crow, finding that the Board did not have just cause to terminate her employment and reinstated Crow to her position, pending her successful completion of anger management training from a counselor selected by the Board and provided at Board expense.
 {¶ 10} In concluding that the Board lacked just cause to terminate Crow's employment, the arbitrator agreed that "under all other ordinary circumstances," Crow's conduct "could have given the Board just cause to terminate her employment." However, the arbitrator found that "the failure of supervision to evaluate the Grievant every three years," which led to a presumption of satisfactory performance of her duties, along with "the fact that an allegation of menacing was not pursued after a police report was made" constituted mitigating circumstances.
 {¶ 11} Following the arbitrator's decision, pursuant to R.C. Chapter 2711, the Board filed a motion to vacate the arbitrator's decision and the Union petitioned the trial court to confirm the arbitrator's award.
 {¶ 12} On April 8, 2005, the trial court entered judgment denying the Board's motion to vacate the arbitrator's award. On June 1, 2005, the court entered judgment confirming the arbitration award in its entirety.
 {¶ 13} The Board timely appealed, assigning the following as error:
 {¶ 14} "The trial court committed reversible error when it denied Appellant's Motion to Vacate and/or Modify the Arbitration award issued in the appeal of Federal Mediation and Conciliation Service Voluntary Labor Arbitration Tribunal Case No. 0455268."
 {¶ 15} We note, as an initial matter, that labor arbitration is favored as a "speedy and inexpensive method of conflict resolution," which is meant to foster the principles of judicial economy by "unburdening crowded court dockets." Hillsboro v.Fraternal Ord. of Police, Ohio Labor Council, Inc. (1990),52 Ohio St.3d 174, 176 (citation omitted). Accordingly, "[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings." Bd. of Ed. of the Findlay City School Dist. v.Findlay Educ. Assn. (1990), 49 Ohio St.3d 129, 131 (citation omitted).
 {¶ 16} Provisions of the R.C. Chapter 2711 give effect to these principles. Under the Revised Code, a court must vacate an award in cases of (A) procurement of the award by corruption, fraud, or undue means; (B) evident partiality or corruption on the part of the arbitrators; (C) the arbitrators being guilty of misconduct by refusing to postpone the hearing on sufficient cause, by refusing to hear material and pertinent evidence, or by any other misbehavior resulting in prejudice to any party; or (D) if the arbitrators exceed their powers, or so imperfectly execute them as to not render a final, mutual and definite award. R.C.2711.10. An award must be modified or corrected when "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision." R.C. 2711.11(B).
 {¶ 17} In reviewing an arbitration award, "the standard of review is very narrow and the courts must therefore award the arbitrator's decision substantial deference." Marathon Oil Co.v. Cylinder Gas * * * Emps. —. Local Union No. 283 (C.A.6 1998), 165 F.3d 27, 1998 U.S. App. LEXIS 24508, at *5, citing UnitedPaperworkers Intl. Union, AFL-CIO v. Misco, Inc. (1987),484 U.S. 29, 36-37. An arbitrator's decision should not be vacated or modified, unless the arbitrator exceeded his or her authority or absent any of the circumstances in R.C. Chapter 2711, "such as fraud, misconduct, partiality, or material mistake." Queen CityLodge No. 69, Fraternal Order of Police of Hamilton County Ohio,Inc. v. Cincinnati (1992), 63 Ohio St.3d 403, 407; FraternalOrder of Police, Ohio Labor Council Inc. v. Perry Cty. Commrs.,
5th Dist. No. 02-CA-14, 2003-Ohio-4038, at ¶ 14; see also,Dayton v. Fraternal Order of Police (1991), 76 Ohio App.3d 591,597 (an appellate court "may not pass on the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety") (citation omitted).
 {¶ 18} In determining whether an arbitrator has exceeded his or her authority, a reviewing court will uphold the award if it "`draws its essence' from the collective bargaining agreement and is not merely the arbitrator's `own brand of industrial justice.'" Gen. Truck Drivers, Chauffeurs, Warehousemen Helpers, Local No. 957 v. Dayton Newspapers, Inc. (C.A.6 1999),190 F.3d 434, 437 (citations omitted). An arbitrator's award is found to depart from the essence of the collective bargaining agreement when (1) it conflicts with the express terms of the agreement, and/or (2) the award lacks rational support or cannot be rationally derived from the agreement's terms. Ohio Office ofCollective Bargaining v. Civil Service Emps. Assn., Local 11
(1991), 59 Ohio St.3d 177, at the syllabus. "An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of Mental Retardation andDevelopmental Disabilities v. Mahoning County TMR EducationalAssn. (1986), 22 Ohio St.3d 80, at paragraph one of the syllabus.
 {¶ 19} In the case sub judice, Crow's termination was based upon Section 5.0500 of the Collective Bargaining Agreement ("CBA"), which allowed the board to terminate an employee on the basis of just cause.
 {¶ 20} Section 5.0500 reads, in relevant part, as follows:
 {¶ 21} "Employees holding a continuing contract shall be removed or suspended from employment only for reasons of just cause including, but not limited to:
 {¶ 22} "A. Violation of Board adopted rules and regulations.
 {¶ 23} "* * *
 {¶ 24} "D. Insubordination.
 {¶ 25} "E. Failure to Maintain Good Behavior.
 {¶ 26} The Board argues that since Crow's termination was based upon the aforementioned factors, and the CBA does not contain an express provision allowing the arbitrator to consider "mitigating factors" in making a just cause determination, the arbitrator's consideration of such factors was contrary to the express terms of the labor agreement and contrary to the essence of the collective bargaining agreement.
 {¶ 27} Prior to the hearing, the parties entered into the following stipulation:
 {¶ 28} "1. Whereas, the Employer has taken action to terminate the contract of Karyn Crow;
 {¶ 29} "2. Whereas, Karyn Crow through her Union, OAPSE Local 393, has filed a grievance pursuant to Article IV of the parties' collective bargaining agreement;
 {¶ 30} "3. Whereas the parties desire to clarify the procedures to invoke the arbitrator's jurisdiction;
 {¶ 31} "4. Now, therefore, the parties stipulate to the following:
 {¶ 32} "a. The grievance shall be advanced directly to arbitration without compliance with the administrative steps andappeals set forth in Article IV of the collective bargainingagreement;
 {¶ 33} "b. The Employer stipulates to the arbitrators jurisdiction to determine the merits of the appeal, which includes the substantive merits of whether there was just cause for termination and any issues of mitigation in the event thatthe burden of just cause is established;
 {¶ 34} "c. The Union stipulates that the Grievant and the Union have been properly notified of the charges against Karyn Crow, and that all due process has been afforded the Union and Grievant." (emphasis added).
 {¶ 35} It is well-settled that "[a]rbitrators cannot decide issues which the parties have not submitted for their decision."Cleveland v. Assn. of Cleveland Fire Fighters, Local 93 (1984),20 Ohio App.3d 249, 253. However, parties can expand the scope of their original arbitration contract by expressly or impliedlyagreeing to submit additional issues to the arbitrators for their determination. Id. (emphasis added).
 {¶ 36} A review of the express terms of the stipulation reveals the Union and the Board agreed that Crow would waive herrights to pursue the Formal Grievance Procedure contained in Article IV of the CBA and proceed directly to arbitration inexchange for the Board's agreement that the arbitrator could consider any issues in mitigation in the event that just cause was established. Both parties agreed to this stipulation despite the fact that the agreement did not expressly allow mitigating factors to be considered, thus extending the permissible scope of the arbitrator's inquiry.
 {¶ 37} "An arbitrator's authority is limited to that granted him by the contracting parties, and does not extend to the determination of the wisdom or legality of the bargain."Goodyear Tire Rubber Co. v. Local Union No. 200, UnitedRubber, Cork, Linoleum and Plastic Workers of Am. (1975),42 Ohio St.2d 516, 519 (citation omitted). Here, the language of the stipulation is very broad. It allows the arbitrator to consider "any issues of mitigation." This language does not limit the scope of the arbitrator's inquiry solely to mitigating factors
surrounding the incident itself, but rather permits consideration of any issues relating to mitigation. Although the weight to be given each mitigating factor varies according to the facts and circumstances of each case, arbitrators typically consider the length of employment and a previous work record and the absence of prior discipline as relevant issues to mitigation. See e.g.,S.J. Groves Sons Co. v. Intl. Brotherhood of Teamsters,Chauffeurs, Warehousemen Helpers of America, Local 627, (C.A.7 1978), 581 F.2d 1241, 1245-1246 (citations omitted); In reGrievance of Brown (2004), 177 Vt. 365, 369-370, 865 A.2d 402
(citation omitted). "[W]here it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect." Misco, 484 U.S. at 38; see also,Council of Smaller Enterprises v. Gates, McDonald Co.,80 Ohio St.3d 661, 666, 1998-Ohio-172 ("in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims") (citation omitted). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority" a court should not overturn the decision, even if "convinced the he committed serious error." Misco, 484 U.S. at 38.
 {¶ 38} Under these circumstances presented herein, we cannot conclude that the arbitrator exceeded the authority provided to him by the parties or that he failed to construe and apply the contract when rendering his decision.
 {¶ 39} Accordingly, we conclude the Board's sole assigned error is without merit and affirm the judgment of the Lake County Court of Common Pleas.
Ford, P.J., O'Neill, J., concur.