[Cite as *Waterfall Victoria Master Fund Ltd. v. Yeager*, 2013-Ohio-3206.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| WATERFALL VICTORIA MASTER FUND LIMITED, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2012-L-071** |
| | : | |
| - vs - | : | |
| LAURA M. YEAGER, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10 CF 001450.

Judgment: Affirmed.

*F. Peter Costello* and *Kristi L. Pallen*, Reimer, Arnovitz, Chernek, & Jeffrey Co., L.P.A., 2450 Edison Boulevard, P.O. Box 968, Twinsburg, OH 44087 (For Plaintiff-Appellee).

*Bruce M. Broyles*, 5815 Market Street, Suite 2, Youngstown, OH 44512 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Laura M. Yeager and Michael W. Yeager, appeal the judgment of the Lake County Court of Common Pleas denying their Civ.R. 60(B) motion seeking relief from default judgment, which resulted in foreclosure of their real property. Appellants sought relief pursuant to Civ.R. 60(B)(5), arguing appellee, Waterfall Victoria Master Fund Limited, did not have an interest in the note or mortgage. Appellants essentially argued that, because of its position that appellee had no interest in the note and mortgage, appellee did not have standing to bring the action. After a review of the

record, as well as the developing case law in Ohio, we find that an assignment of the mortgage was attached to the complaint for foreclosure, sufficiently establishing appellee's standing at the time the suit was initiated. As a result, the trial court properly concluded it had jurisdiction to proceed with the case, and the judgment is affirmed.

{¶2} On May 14, 2010, appellee filed a complaint for foreclosure, alleging appellants' default on a note in the sum of $164,839.88, plus interest. Specifically relevant to this appeal, the following was attached to the complaint: a copy of the mortgage, with EquiFirst Corporation listed as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as its nominee; an assignment of the mortgage from MERS, as nominee for EquiFirst Corporation, to Deutsche Bank National Trust Company, as trustee for the Registered Holders of Soundview Home Loan Trust Series 2006-EQ2; an assignment of the mortgage from Deutsche Bank National Trust Company, as trustee for the registered holders of Soundview Home Loan Trust 2006, to appellee.

{¶3} The trial court's docket entry of June 3, 2010, indicates that appellants were personally served on May 26, 2010. No answer to the complaint was filed by appellants. In response to a court order, an updated preliminary judicial report, filed on June 16, 2010, reflected appellee as the mortgage holder by way of assignment.

{¶4} On January 4, 2011, appellee filed a motion for default judgment, which the trial court granted. In the trial court's judgment entry, it found that all necessary parties had been served with summons and were properly before the court. It found appellee to be entitled to the sum set forth in the complaint. An appeal was taken from this judgment in *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. No. 2011-L-025, 2012-Ohio-124, wherein this court affirmed the default judgment.

2

{¶5} On August 29, 2011, appellants' home was sold at sheriff's sale. On May 11, 2012, appellants filed a motion to stay the confirmation of the sale. Also on May 11, 2012, appellants filed a Civ.R. 60(B) motion seeking relief from the default judgment. In their motion, appellants argued appellee did not have any interest in the property upon which it foreclosed. The trial court denied appellants' Civ.R. 60(B) motion and confirmed the sheriff's sale.

{¶6} Appellants now appeal the judgment and assert one assignment of error for review. Appellants' assignment of error states:

{¶7} "The trial court erred in denying the motion for relief from judgment."

{¶8} Civ.R. 60(B) provides, in pertinent part:

{¶9} On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶10} Thus, Civ.R. 60(B) provides parties with an equitable remedy requiring a court to revisit a final judgment and possibly afford relief from that judgment when in the interest of justice. *In re Edgell*, 11th Dist. No. 2009-L-065, 2010-Ohio-6435, ¶52. It is a curative rule which is to be liberally construed with the focus of reaching a just result.

3

*Hiener v. Moretti*, 11th Dist. No. 2009-A-0001, 2009-Ohio-5060, ¶18. "Moreover, Civ.R. 60(B) has been viewed as a mechanism to create a balance between the need for finality and the need for 'fair and equitable decisions based upon full and accurate information.'" *Id.*, quoting *In re Whitman*, 81 Ohio St.3d 239, 242 (1998). However, Civ.R. 60(B) relief is not to be used as a substitute for a direct appeal. *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. *See Am. Express Bank, FSB v. Waller*, 11th Dist. No. 2011-L-047, 2012-Ohio-3117, ¶14 ("[an appellant] cannot, however, after the opportunity for direct appellate review has passed, use Civ.R. 60(B) as a means of indirect entry into appellate review").

{¶11} Whether relief should be granted under a Civ.R. 60(B) motion is a determination entrusted to the sound discretion of the trial court. *In re Whitman*, *supra*, 242. As such, the standard of review is whether the trial court abused its discretion. *Id.*

{¶12} The Ohio Supreme Court has set forth a three-prong test which the movant must meet to prevail on a Civ.R. 60(B) motion. First, the motion must be timely, i.e., not more than one year after the judgment or order was entered where the grounds of relief are Civ.R. 60(B)(1)-(3); otherwise, the motion must be made within a reasonable time. Second, the party must be entitled to relief based on one of the reasons set forth in Civ.R. 60(B)(1)-(5). Third, the party must establish it has a meritorious defense or claim to present in the event relief is granted. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A party must satisfy each prong to be entitled to relief. *KMV V Ltd. v. Debolt*, 11th Dist. No. 2010-P-0032, 2011-Ohio-525, ¶24. If one prong is not satisfied, the entire motion must be overruled. *Id.*, quoting *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

4

{¶13} Appellants' Civ.R. 60(B) motion challenged the prior default judgment on the grounds appellee had no interest in the note or mortgage and therefore could not bring the action.

{¶14} A brief history of the law in this area is warranted given that the issue of standing in the context of a mortgage foreclosure action has developed significantly since the parties filed their briefs in this appeal. Previously, the Ohio Supreme Court, in the plurality opinion of *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998), indicated that standing is not jurisdictional, explaining that, pursuant to Civ.R. 17, "lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter." *Id.* at 77. Relying on this proposition, this court held standing to not be jurisdictional, but rather an affirmative defense that can be waived if not timely asserted. *Aurora Loan Servs., LLC v. Cart*, 11th Dist. No. 2009-A-0026, 2010-Ohio-1157; *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. No. 2011-L-025, 2012-Ohio-124; *Everhome Mtge. Co. v. Behrens*, 11th Dist. No. 2011-L-128, 2012-Ohio-1454; *Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. No. 2011-G-3051, 2012-Ohio-3638.

{¶15} After the parties filed their briefs in this case, however, the Ohio Supreme Court released *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, wherein it criticized *Jones* and held that standing is jurisdictional. *Id.* at ¶22 & ¶29. As it is a jurisdictional requirement, the Supreme Court concluded that standing must be determined as of the commencement of the suit. *Id.* at ¶24. It further emphasized that Civ.R. 17(A), requiring actions to be prosecuted in the name of the real party in interest, does not address standing but instead merely concerns proper party joinder. *Id.* at ¶33. Thus, "a lack of standing at the outset of litigation *cannot*

5

[subsequently] be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶41 (emphasis added). We recently had occasion to evaluate the import of *Schwartzwald* as applied to the prior holdings of this court. In *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930, we expressly overruled the holdings in *Cart*, *supra*; *Yeager*, *supra*; *Behrens*, *supra*; and *Shaffer*, *supra*, to the extent they were inconsistent with *Schwartzwald*. *Id.* at ¶29.

{¶16} Here, appellee argues that appellants are barred by res judicata because they previously argued this matter before this court in *Yeager*, *supra*. This is something of a procedural double-edged sword for appellants. In recognizing this court's previous decision in *Yeager*, appellants go to great pains to characterize their argument as *not* relating to standing or "the correctness of the assignment," but rather appellee's "authority to act" to foreclose upon the real property. However, if we were to accept this characterization, likely made in an effort to avoid the holding in *Yeager*, then appellants' argument would indeed be barred by res judicata because this is an argument that could have and should have been raised in their direct appeal. Rather, we find appellants are raising the issue of standing, as they contend appellee had no interest in the note or mortgage and therefore had no authority to bring the action. As set forth above, the law has changed, and following the dictates of the Ohio Supreme Court, we now hold standing to be a jurisdictional requirement. *See Rufo*, *supra*. As the lack of jurisdiction is an issue that cannot be waived and may be raised at any time, res judicata does not bar the arguments before this court. *Byard v. Byler*, 74 Ohio St.3d 294, 296 (1996); *see also Mulby v. Poptic*, 8th Dist. No. 98324, 2012-Ohio-5731, ¶10. As this court's previous decision in *Yeager* was released before *Schwartzwald* and overruled in part in *Rufo*, the law-of-the-case doctrine similarly does not bar us from

6

considering this argument. *See Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶15.

{¶17} Turning, then, to the arguments advanced by appellants in this present appeal, and in accord with our decision in *Rufo*, ¶30, appellee was "required to have an interest in the note or mortgage when it filed this action in order to have standing to invoke the jurisdiction of the trial court." The record indicates the mortgage was indeed assigned prior to the initiation of the action, a copy of which was attached to the complaint. The notarized assignment instrument attached to the complaint states that Deutsche Bank National Trust Company, as trustee for the registered holders of Soundview Home Loan Trust 2006, transferred the mortgage of the subject parcel to appellee.

{¶18} Appellants contend that the promissory note never transferred from Deutsche Bank National Trust Company to appellee, and therefore appellee has no interest in either the note or the mortgage. In support, appellants argue none of the allonges attached to the note mention Deutsche Bank National Trust Company. However, as this court has held previously, the assignment of the mortgage, though not containing an express transfer of the note, was sufficient to transfer both the mortgage and the note. *Rufo*, ¶44.

{¶19} As appellee provided documentary evidence that it held the mortgage at the time it filed the complaint, it presumptively established it had standing to bring this foreclosure against appellants.

{¶20} Appellants exhaust the remainder of their argument by attacking the validity of the assignment. Appellants broadly contend the mortgage assignment to appellee was invalid because the assignment was not transferred in accord with the

7

terms of the Pooling and Service Agreement of Deutsche Bank National Trust Company. First, appellants point to no Ohio authority, nor could any be located, which states the failure to follow the terms of a Pooling and Service Agreement renders an assignment to a subsequent assignee, who was not involved in the agreement, invalid such that the assignee has no standing to enforce the otherwise valid interests in the assignment. Even if such a failure was established, we cannot say it left the trial court without jurisdiction to proceed with the foreclosure. Standing in the name of appellee was established by what appears to be a valid assignment. If there was any prior defect in the chain of acquisition of the assignment, that is a defense that must have been timely established at the trial court. Therefore, insomuch as this issue does *not* affect appellee's standing to bring the suit and invoke the jurisdiction of the trial court, it is barred by res judicata because it is an argument that should have and could have been previously raised.

{¶21} In addition, appellants lack standing to make this argument. Recently, the Eighth Appellate District, in a post-*Schwartzwald* decision, addressed the identical argument. In *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. No. 98383, 2012-Ohio-6141, ¶24, the Eighth District was also faced with the argument that a mortgagee was, in fact, not the holder of the mortgage because the transfer occurred in violation of a Pooling and Service Agreement. The court concluded that the appellant had no standing to raise such an argument. *Id.* The court explained: "[W]hen a mortgagor, such as Rudolph, is not a party to the transfer agreement, and her contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment." *Id.* at ¶25. In so holding, the Eighth District relied on its prior ruling in *Bank of New York Mellon Trust Co.*

8

*v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, ¶35, which adopted *Bridge v. Aames Capital Corp.*, 2010 U.S. Dist. LEXIS 103154 (N.D.Ohio 2010) ("a debtor may not challenge an assignment between an assignor and assignee").

**{¶22}** These rulings are based on the recognition that "an assignment does not alter the mortgagor/debtor's obligations under the note or mortgage and that the foreclosure complaint is based on the mortgagor's default under the note and mortgage—not because of the mortgage assignment." *Id*. at ¶25; *see also Kapila v. Atlantic Mtge. & Invest. Corp.*, 184 F.3d 1335, 1338 (11th Cir.1999). ("[A] subsequent assignment of the mortgagee's interest * * * does not change the nature of the interest of the mortgagor or someone claiming under him.") Accordingly, the Eighth District concluded that "Rudolph has no standing to challenge the validity of the assignment of the mortgage to Deutsche, despite her broad claim that Deutsche failed to comply with the [Pooling and Service Agreement] or its own Indenture Agreement." *Id*. at ¶26.

**{¶23}** Similarly here, we are faced with the allegation that an entity prior to appellee did not follow the Pooling and Service Agreement in transferring the mortgage, and consequentially, appellee never received a valid assignment. We find the Eighth District's holdings in *Rudolph* and *Unger* to be persuasive. As was the case in *Rudolph* and *Unger*, the mortgage assignment here did not alter appellants' obligations under the note or mortgage. Appellee filed the foreclosure complaint based on appellants' default under the note and mortgage, not because of the mortgage assignments. *Rudolph*, ¶26; *Ugner*, ¶35; *see also LSF6 Mercury REO Invs. Trust Series 2008-1 v. Locke*, 10th Dist No. 11AP-757, 2012-Ohio-4499, ¶29. ("[A]ppellants, in the present case, lacked standing to challenge the validity of the assignment of the note and mortgage from Deutsche to LSF6.") Appellants therefore do not have standing to make this argument.

9

{¶24} As a result of the foregoing, appellants are unable to demonstrate they have a meritorious defense or claim to raise if relief is granted pursuant to the above-framed *GTE Automatic* test. We therefore cannot conclude the trial court abused its discretion in denying the motion.

{¶25} As we determine the trial court did not err in denying appellants' Civ.R. 60(B) motion for relief from default judgment, we need not address the other issues outlined under appellants' sole assignment of error, specifically whether the matter has been rendered moot by the confirmation of the sheriff's sale such that no meaningful relief can be granted.

{¶26} Accordingly, appellants' sole assignment of error is without merit.


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶27} I concur with the majority's decision to affirm the judgment of the lower court. I write separately because the merits of the appellants' argument related to standing should not be reached, since it was barred by res judicata.

{¶28} In the present matter, the majority concludes that, although the appellants attempt to frame the argument in a different light, the issue raised in their Civ.R. 60(B) motion relates to standing, since they contend that the appellee had no interest in the note or mortgage and no authority to bring the action. I agree. However, the majority further holds that the standing issue is not barred by res judicata, since standing is

10

jurisdictional and, therefore, "is an issue that cannot be waived and may be raised at any time." *Supra* at ¶ 16. This is where our opinions diverge.

{¶29} Regarding the issue of res judicata and the appropriate use of a Civ.R. 60(B) motion, this court has held that a "Civ.R. 60(B) motion is not a substitute for an appeal." *Blaine v. Southington Local Schools*, 11th Dist. No. 2002-T-0180, 2003-Ohio-6238, ¶ 8, citing *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). Moreover, "a Civ.R. 60(B) motion cannot be employed as a means of contesting the merits of the underlying judgment." *Natl. City Bank v. Graham*, 11th Dist. No. 2010-L-047, 2011-Ohio-2584, ¶ 20.

{¶30} Generally, this court would find that the standing argument should have been raised in the prior appeal before this court and cannot be considered, since it relates to the merits of the underlying judgment in the lower court. In fact, in the prior appeal to this court, the issue of standing was raised by the appellants. *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. No. 2011-L-025, 2012-Ohio-124, ¶ 10. Therefore, the appellants should not be able to pursue such a claim under a Civ.R. 60(B) motion, or such a motion could become a tool to simply avoid an unfavorable decision. *See Streetsboro v. Encore Homes*, 11th Dist. No. 2002-P-0018, 2003-Ohio-2109, ¶ 11 ("the fact remains that the same issues and underlying facts were raised and ruled upon by both this court and the court below" and, therefore, a Civ.R. 60(B) motion to vacate was not a proper remedy). The majority holds, however, that res judicata cannot bar this court from addressing the merits of the Civ.R. 60(B) motion, since the issue of standing is jurisdictional and can be raised at any time. Based on this conclusion, it is necessary to further consider whether standing is jurisdictional.

**{¶31}** Any conclusion that standing is jurisdictional under *Schwartzwald*, i.e., that a case must be dismissed when a plaintiff does not have standing at the time the action was filed, but becomes the holder of the note or mortgage at a future time during the proceedings, should be rejected. As explained in my recent dissent in *Self Help Ventures Fund v. Jones*, 11th Dist. No. 2012-A-0014, 2013-Ohio-868, a plaintiff should be able to establish standing *after* the filing of a lawsuit, and, therefore, standing should not be considered jurisdictional or necessary to initiate a claim. This is true for multiple reasons, including that the inability to cure a standing deficiency is contrary to the interests of judicial economy and efficiency. *Painesville City Local Schools Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 11th Dist. No. 2005-L-100, 2006-Ohio-3645, ¶ 15 (emphasizing the importance of speedy resolutions to conflicts to foster judicial economy by "unburdening crowded court dockets") (citation omitted); *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 28 (finding that the court's holding should "foster rather than thwart judicial economy"); *F.O.E., Inc. v. Energex Oil & Gas Corp.*, 4th Dist. No. 86 CA 19, 1987 Ohio App. LEXIS 9233, *6 (Sept. 29, 1987) (noting that certain civil rules serve the purposes of "convenience * * * speed, and judicial economy"). Allowing a party to obtain standing during the course of the proceedings prevents the dismissal of the action, and the refiling of the complaint and new responsive filings, all of which require additional consideration by the court, thereby creating an ineffective use of court resources. This process will further extend the amount of time required to resolve the underlying foreclosure action and prohibits the administration of timely justice for all involved parties.

**{¶32}** In addition, a holding that a standing challenge like the one raised by appellants is not barred by res judicata would essentially allow challenges to standing to

12

be raised at any time, even if the issue was not raised at trial or contested during a previous appeal. As occurred in this case, a party could simply raise the issue of standing at any time in the future and be permitted to argue the matter, even if a period of several years has passed. Such a process does not promote finality or judicial economy.

{¶33} As explained in *Self Help*, the Ohio Supreme Court has noted in the past, in the context of Civ.R. 17 relating to real parties in interest, a lack of standing should challenge "the capacity of a party to bring an action, not the subject matter jurisdiction of the court," citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). It is a logical and sensible conclusion that if an action that has not initially been filed in the name of a party who has an interest in the litigation can be cured, a person without standing at the time of the complaint should also be given the opportunity to cure the defect and the court should have jurisdiction over the matter. *See Kinder v. Zuzak*, 11th Dist. No. 2008-L-167, 2009-Ohio-3793, ¶ 21 (giving a plaintiff a reasonable opportunity to cure a deficiency by stating the proper parties in interest has "the same effect as if the action had been commenced in the name of the real party in interest") (citation omitted).

{¶34} Similarly, Civ.R. 15(A) and (C) allow for amendments to the Complaint to be made by the plaintiff after filing, including changing a party named in the Complaint. This rule allows for a more efficient judicial process, addressing concerns similar to those raised in the present matter. Based on the foregoing rules, amendment to the Complaint should be permitted in foreclosure proceedings to establish the existence of standing.

{¶35} Since it should be concluded that standing is not required to initially invoke a trial court's jurisdiction and that a party should be able to establish standing during the course of the proceedings, I disagree with the conclusion that standing is jurisdictional. Since standing is not jurisdictional, it is unnecessary to consider the merits of the appellants' claim and the matter should be dismissed purely on the basis of res judicata.[1]

{¶36} For the foregoing reasons, I respectfully concur in judgment only.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶37} I would reverse and remand. I respectfully disagree that a mortgagor faced with foreclosure should not be allowed to raise a failure of the assignment of the note and/or mortgage between the original mortgagee, and an alleged subsequent assignee.

{¶38} I do believe that the cases relied on by the majority are premised upon different facts than the case at bar. The majority cites to the decisions of the Eighth District in *Rudolph*, 2012-Ohio-6141, and *Unger*, 2012-Ohio-1950, as well as that of the Tenth District in *Locke*, 2012-Ohio-4499, for the proposition that a mortgagor lacks standing to challenge the validity of the assignment of a note and/or mortgage. In turn, each of these decisions relies on that of the Northern District of Ohio in *Bridge v. Aames Capital Corp.*, 2010 U.S. Dist. LEXIS 103154. I find this reliance misplaced.

---

1. The dissenting opinion misses the point, since the issue of the applicability of res judicata relates directly to the conclusion in this concurrence that standing is *not* jurisdictional. The dissent's contention that res judicata does not attach, which is the same holding contained in the majority's opinion, is specifically addressed throughout this concurrence. Based on the thorough analysis in this opinion that standing is not jurisdictional, res judicata can and should apply.

14

**{¶39}** The Superior Court of New Hampshire's analysis in *Newitt v. Wells Fargo Bank, N.A.*, 213-2011-CV-00173, 2011 N.H. Super. LEXIS 60 (July 14, 2011), is on point. As that court notes, *Bridge* was a quiet title action, instituted by the mortgagor against the assignee of the mortgagee, in which the burden was on the mortgagor to establish her case, and thus not properly applied to a foreclosure action. *Id.* at *7-8. In foreclosure actions, the burden to establish a prima facie case, including standing, rests upon the mortgagee or its assignee. *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶20-28.

**{¶40}** Second, the decision in *Bridge* issued before that of the Supreme Court of Ohio in *Schwartzwald*. In that case, the Supreme Court made it clear that standing to bring a foreclosure action is a matter of constitutional dimension, and that standing, including being the valid holder of the note and/or mortgage, must be established at the time the action is commenced. I respectfully cannot find that an assignee under an improper or invalid assignment from a mortgagee, has such standing. In this regard, I find the reasoning of the court in *Newitt* persuasive:

**{¶41}** "[Wells Fargo] argues that [the Newitts] may not challenge the assignment, and therefore Wells Fargo's standing as the mortgagee, because RSA 479:25 allows the mortgagee or its assignee to foreclose without judicial authorization by exercising the power of sale. Wells Fargo therefore appears to argue that at no point must the mortgagee, when its power to foreclose is challenged, establish that it obtained its rights to the mortgage pursuant to a valid instrument. This argument is circular: a mortgagee may foreclose because it is the mortgagee, given that RSA 479:25 allows the mortgagee or its assignee to foreclose. Wells Fargo overlooks the caveat that if it never obtained the mortgage, i.e. if the February 23, 2010 assignment

15

was invalid, it is not the mortgagee and never qualified for the protections of RSA 479:25. To hold otherwise would be to allow any self-proclaimed mortgagee or assignee to foreclose on any property by invoking RSA 479:25." *Newitt* at *4-5.

**{¶42}** I agree. Mortgagors should be allowed to attack the validity of an assignment between a mortgagee and assignee: indeed, pursuant to *Schwartzwald*, assignees should be required to prove they received the note and/or mortgage through a valid assignment.

**{¶43}** Finding appellants' argument persuasive, I must respectfully disagree with the concurring judge's conclusion that res judicata bars this appeal. As our colleague Judge Rice wrote recently:

**{¶44}** "In *Schwarzwald*, the Supreme Court held that standing is required to present a justiciable controversy and is a jurisdictional requirement. *Id.* at ¶21-22. The Court held that, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Id.* at ¶24. * * * Further, because standing is jurisdictional, it can never be waived and *may be challenged at any time*. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11. * * *.

**{¶45}** "This court in *Rufo* [2012-A-0011] held that, pursuant to *Schwarzwald*, courts of common pleas have subject matter jurisdiction over justiciable matters and that standing to sue is required to make a justiciable case. *Rufo* at ¶28. Thus, without standing, a case is not justiciable and the court lacks subject-matter jurisdiction. *Id.* When the trial court lacks subject-matter jurisdiction, its final judgment is void. *Id.* at ¶15." (Emphasis sic.) *Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. No. 2011-G-3051, * * *Ohio * * *, ¶24-25.

{**¶46**} Res judicata does not attach to a judgment which is void ab initio. *State v. Wilson*, 73 Ohio St.3d 40, 45, fn. 6 (1995). Pursuant to *Schwartzwald*, no justiciable controversy exists between an assignee of a note and/or mortgage, and the mortgagor, if the assignee does not hold the note and/or mortgage at the time the foreclosure action is filed. *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶20-28. Consequently, in this case, if appellee did not have a proper assignment of the note and/or mortgage, there was no justiciable controversy between the parties, the trial court lacked subject matter jurisdiction, and res judicata never attached.

{**¶47**} I respectfully dissent.