[Cite as *Deutsche Bank Trust Co. v. Newble*, 2013-Ohio-5019.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99372

---

## DEUTSCHE BANK TRUST COMPANY

PLAINTIFF-APPELLEE

vs.

## IRA R. NEWBLE, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-689687

**BEFORE:**  Blackmon, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**      November 14, 2013

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co. L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

David M. Gauntner
Felty & Lembright
1500 West Third Street, Suite 400
Cleveland, Ohio 44113

Jeffrey A. Tobe
Lerner Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Ira R. Newble appeals the trial court's denial of his motion to vacate a judgment entry in foreclosure in favor of Deutsche Bank Trust Company Americas, as Indenture Trustee for Saxon Asset Securities Trust 2005-3 ("Deutsche Bank"). Newble assigns the following error for our review:

> I. The trial court erred when it denied a common law motion for relief from void judgment because it was not timely filed.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On April 9, 2009, Deutsche Bank filed a complaint in foreclosure. In the first count, Deutsche Bank alleged it held a note of indebtedness secured by a mortgage on property, that Newble defaulted under the terms of the note, and now owed $455,548.93 on the note.

{¶4} Deutsche Bank alleged in the second count that the mortgage constituted a valid first lien upon the subject property. Deutsche Bank alleged in the third count that the mortgage was filed for record on September 13, 2005, and was subsequently assigned to them by virtue of an assignment of mortgage.

{¶5} Deutsche Bank attached three exhibits to its complaint. The first exhibit is a copy of the note; it names Ira R. Newble as the "Borrower" and Saxon Mortgage, Inc. ("Saxon Mortgage") as the "Lender" of a principal sum in the amount of $469,760.00 for the purchase of a property located at 10 Astor Place in Rocky River, Ohio. The second

exhibit attached to Deutsche Bank's complaint is a copy of a mortgage dated September 9, 2005. It indicates it is a "security instrument," with Newble as the borrower.

{¶6} The next exhibit Deutsche Bank attached to its complaint is a copy of an "Assignment of Mortgage." The first page of the document indicates "the undersigned Saxon Mortgage transferred Newble's mortgage to Deutsche Bank as Indenture Trustee for Saxon Asset Securities Trust 2005-3." John Cottrell signed the document on April 2, 2009, as "Assistant Vice President" of Saxon Mortgage.

{¶7} On May 7, 2009, Astor Place Home Owners Association ("Astor Place HOA") answered Deutsche Bank's complaint and also filed a cross-complaint against Newble. In its cross-complaint, Astor Place HOA alleged that it had filed a lien against Newble for unpaid maintenance fees and assessments totaling $1,660 plus interest.

{¶8} On October 13, 2009, after service had been perfected on all parties, Deutsche Bank filed a motion for summary judgment. On May 6, 2010, the trial court granted Deutsche Bank's motion for summary judgment. On October 25, 2010, the subject property was sold at a sheriff's sale.

{¶9} On August 25, 2011, Newble filed a motion for relief from judgment. In the motion, Newble argued that Deutsche Bank had not proven it was the real party in interest, that it lacked standing, and that the assignment of the note and mortgage were invalid. Deutsche Bank opposed the motion. On March 9, 2012, a magistrate conducted a hearing and later issued a decision denying Newble's motion. On December 12, 2012, the trial court issued an order adopting the magistrate's decision.

## Motion to Vacate

{¶10}   In the sole assigned error, Newble argues the trial court erred in denying the motion to vacate the foreclosure judgment.

{¶11} The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. *C & W Inv. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688.   An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12}   In the instant case, Newble specifically alleges that Deutsche Bank had not proven that it was the real party in interest.

{¶13} Initially, we note, the case law in the Eighth District is simple and clear; the putative mortgagee must own the mortgage at the time of the filing of the complaint, otherwise it lacks standing.   *Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. Cuyahoga No. 94924, 2011-Ohio-478, citing  *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092.

{¶14}   Every action shall be prosecuted in the name of the real party in interest. *Deutsche Bank Natl. Trust Co. v. Pagani*, 5th Dist. Knox No. 09CA000013, 2009-Ohio-5665; Civ.R. 17(A).   A real party in interest is one who is directly benefitted or injured by the outcome of the case. *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d

328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.), citing *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985).

{¶15} The real-party-in-interest requirement, enables the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter. *Id.*, *Shealy* at 24-25, citing *In re Highland Holiday Subdivision*, 27 Ohio App.2d 237, 273 N.E.2d 903 (4th Dist.1971).

{¶16} The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C061069, 2007-Ohio-5874. A party that fails to establish an interest in a note or mortgage at the time it files suit has no standing to invoke the jurisdiction of the court. *ABN Amro Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 98777, 2013-Ohio-1557, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28.

{¶17} Here, the record established that Deutsche Bank was the real party in interest at the time the complaint for foreclosure was filed. As previously noted, Deutsche Bank filed the foreclosure complaint on April 9, 2009. Deutsche Bank attached, as exhibit C, an "Assignment of Mortgage" dated April 2, 2009. The assignment reflects that Saxon Mortgage assigned and transferred all interest in the note

and mortgage to Deutsche Bank. As such, Deutsche Bank had standing to bring the foreclosure action against Newble. Consequently, we find Newble's assertion without merit.

{¶18} Nonetheless, Newble broadly contends the assignment to Deutsche Bank was invalid because the assignment was not transferred in accordance with the terms of the Pooling and Service Agreement ("PSA"). First, Newble points to no Ohio authority, nor could any be located, which states the failure to follow the terms of a PSA renders an assignment to a subsequent assignee, who was not involved in the agreement, invalid such that the assignee has no standing to enforce the otherwise valid interests in the assignment.

{¶19} Even if such a failure was established, we cannot say it left the trial court without jurisdiction to proceed with the foreclosure. *Waterfall Victoria Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206. As previously stated, Deutsche Bank established standing by virtue of the copy of the assignment of the complaint. If there was a prior defect in the chain of acquisition of the assignment, that is a defense that must have been timely established at the trial court. *Id.* Therefore, insomuch as this issue does not affect Deutsche Bank's standing to bring the suit and invoke the jurisdiction of the trial court, it is barred by res judicata because it is an argument that should have and could have been previously raised. *Id.*

{¶20} Further, in addressing the identical argument, we have held in a line of cases that Newble and other similarly situated appellants lack standing to make this argument.

Specifically, when a mortgagor, such as Newble, is not a party to the transfer agreement, and his contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment. *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶ 25. *See also Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, relying upon *Bridge v. Aames Capital Corp.*, Case No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154 (N.D.Ohio 2010); *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657.

{¶21} Like us, other districts have held the same. *See LSF6 Mercury REO Investments Trust Series 2008-1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499*; Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636; *Waterfall Victoria Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206.

{¶22} Our holding is rooted in the recognition that an assignment does not alter the mortgagor-debtor's obligations under the note or mortgage and that the foreclosure complaint is based on the mortgagor's default under the note and mortgage, not because of the mortgage assignment. Thus, a subsequent assignment of the mortgagee's interest does not change the nature of the interest of the mortgagor or someone claiming under the mortgagor.

{¶23} Here, the mortgage assignment did not alter Newble's obligations under the note or mortgage. Deutsche Bank filed the foreclosure complaint based on Newble's

default under the note and mortgage, not because of the mortgage assignments. *Rudolph* at ¶ 26; *Ungner* at ¶35; *see also Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 29.

**{¶24}** It is undisputed that Newble defaulted on his loan. Deutsche Bank filed the foreclosure complaint based upon Newble's default under the note and mortgage, not because of the mortgage assignment. Thus, Newble's default would have exposed him to foreclosure proceeding whether the note and mortgage had remained with Saxon Mortgage, or as in the present case, assigned to Deutsche Bank.

**{¶25}** Consequently, based on our prior decisions addressing the identical issues that other districts have found persuasive, we are compelled to find that Newble also lacked standing to challenge the mortgage assignment in the instant matter. As such, the trial court properly denied the motion to vacate. Accordingly, we overrule the sole assigned error.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN
JUDGMENT ONLY