[Cite as *Bank of Am. v. Merlo*, 2013-Ohio-5266.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., f.k.a. COUNTRYWIDE HOME LOANS SERVICING, L.P., | : : : | **O P I N I O N** |
| | : | **CASE NO. 2012-T-0103** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| SYLVIA P. MERLO, et al., | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 01793.

Judgment: Affirmed.

*Stacy L. Hart,* Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45201-5480 (For Plaintiff-Appellee).

*Philip Zuzolo* and *Patrick B. Duricy,* Zuzolo Law Office, LLC, 700 Youngstown Warren Road, Niles, OH 44446 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Sylvia P. Merlo, appeals the summary judgment and foreclosure decree entered against her by the Trumbull County Court of Common Pleas. At issue is whether the trial court erred in finding that no genuine issue of material fact existed concerning whether appellee, Bank of America, N.A. Successor by

Merger to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC") had standing to file this action. For the reasons that follow, we affirm.

{¶2} Appellant acquired title to the subject residential real property in 1994. Fifteen years later, on May 18, 2009, she obtained a mortgage loan on the property from BAC in the amount of $170,500, in exchange for which she signed a promissory note in that amount and a mortgage deed securing that amount in favor of BAC.

{¶3} Appellant made payments for just one and one-half years and then defaulted on the note by failing to make her payment due on February 1, 2011, or any subsequent installments. On or about March 21, 2011, BAC gave appellant notice of her default and an opportunity to cure it, but she never cured the default.

{¶4} On August 10, 2011, BAC filed this foreclosure action. BAC attached to the complaint copies of the note and mortgage. Appellant filed an answer denying the material allegations of the complaint and asserting various affirmative defenses, including BAC's alleged lack of standing.

{¶5} After the parties engaged in discovery, BAC filed a motion for summary judgment against appellant supported by the affidavit of its Vice-President, Stacie Marie Pordash. Appellant filed a brief in opposition. In her brief, appellant did not dispute that she signed the subject note and mortgage; that she defaulted in February 2011; that she failed to cure her default; or that she owes the amount set forth in Ms. Pordash's affidavit. Instead, appellant argued that BAC lacked standing to prosecute this action and that Ms. Pordash's affidavit did not satisfy the requirements of Civ.R. 56.

{¶6} Subsequently, the trial court entered summary judgment and a foreclosure decree in favor of BAC. Appellant appeals the trial court's judgment, asserting the following for her sole assignment of error:

2

{¶7} "The trial court erred in granting summary judgment to Plaintiff Bank of America N.A. on the two counts of its complaint when the Plaintiff/Appellee did not have standing to file the complaint and the affidavit and allegations contained therein do not support a grant of summary judgment."

{¶8} Appellant argues that BAC was not entitled to summary judgment because a genuine issue remains concerning whether BAC had standing to file this action. In Ohio, courts of common pleas have subject matter jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B). "Standing to sue is part of the common sense understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy to ensure the dispute will be presented in an adversarial context. *Mortgage Elec. Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18.

{¶9} Whether standing exists is a matter of law that is reviewed de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶23.

{¶10} In the context of a mortgage foreclosure action, the mortgage lender must establish an interest in the mortgage *or* promissory note in order to have standing to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶28. This court followed *Schwartzwald* in *Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, ¶18. The Eighth District in *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, held that *Schwartzwald* stands for the proposition that a party may establish its interest in the suit, and therefore have standing when, at the time it files its complaint, it either (1) holds the mortgage or (2) is the holder

3

of the note. *Id.* at ¶21. Further, the Supreme Court in *Schwartzwald* held that standing is jurisdictional, and thus is determined as of the filing of the complaint. *Id.* at ¶24.

{¶11} Appellant does not dispute that the note and mortgage attached to the complaint show BAC held both instruments when it filed this action, thus complying with *Schwartzwald.* Instead, she argues that BAC failed to meet certain other standards, which, she contends, are also required by that case.

{¶12} First, appellant argues that in order to have standing, BAC was required to present evidence showing it had an interest in *both* the note and mortgage on the date it filed the complaint. However, this argument ignores the holding of *Schwartzwald* that the mortgagee is only required to establish an interest in *either* the mortgage *or* the note in order to have standing. In any event, as discussed below, there is no genuine issue that BAC held an interest in *both* instruments when it filed the complaint.

{¶13} Next, appellant argues that, although the note indicates it is made payable to BAC, thus making BAC its holder, BAC included an endorsement in blank on the note and such endorsement suggests it transferred possession of the note to a third party. However, appellant cites no case law in support of this argument, which, in any event, is nothing more than speculation. "When an instrument is endorsed in blank, [i.e., it does not identify the payee,] the instrument becomes payable to bearer and *may be* negotiated by transfer of possession alone * * *." (Emphasis added.) R.C. 1303.25(B). In contrast, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." R.C. 1303.21(B). Because the promissory note at issue here was endorsed in blank, it was payable to bearer and *could be* negotiated by transfer of possession alone. *Rufo, supra,* at ¶37.

4

{¶14} However, while the note includes a blank endorsement, the endorsement merely *allows* BAC to negotiate the instrument if it later chose to do so. The endorsement itself is no evidence that BAC ever transferred possession of the note. To the contrary, the complaint alleges that BAC presently holds the note. In support of this allegation, Ms. Pordash stated in her affidavit that BAC "has possession of the note." Further, appellant does not reference any competent evidence that BAC ever transferred possession of the note to a third party. Moreover, appellant cites no authority to support her argument that the mere presence of an endorsement in blank on the note "creates a genuine dispute" regarding BAC's standing.

{¶15} Next, appellant argues that, because BAC stated in response to her interrogatories that "Fannie Mae is the owner of the Note," this suggests that BAC is no longer the holder of the note. However, this argument is defeated by the express language of R.C. 1303.31(B), which provides: "A person may be a 'person entitled to enforce' the instrument [, i.e., the holder of the note,] even though the person is not the owner of the instrument * * *." Ohio Appellate Districts have recognized that, "because a promissory note is transferred through the process of negotiation, ownership is not a requirement for enforcement of the note." *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶20. As a result, this court has held that the holder of a note is not additionally required to plead that it is the owner of the note in its complaint. *Nat'l City Real Estate Services, LLC v. Shields*, 11th Dist. Trumbull No. 2012-T-0076, 2013-Ohio-2839, ¶21. Thus, the fact that Fannie Mae owns the subject mortgage loan, including the note, does not mean that BAC is no longer the holder of the note with the right to enforce it by way of the instant action. Appellant's argument that Fannie Mae's ownership of the note suggests that it, rather than BAC, has possession of the note

5

demonstrates a lack of understanding of the separate concepts of ownership of the note and possession as holder of the note with the right to enforce it. In BAC's answers to appellant's interrogatories, BAC stated it is the servicing agent for this loan. Pursuant to R.C. 1303.31(B), BAC's retention of the right to enforce the note as its holder on behalf of Fannie Mae is perfectly consistent with its transfer of ownership of the mortgage loan, including the note, to Fannie Mae, as BAC did in this case.

{¶16} Next, appellant argues that, because a two-page excerpt from Fannie Mae's general guidelines, taken from its website, suggests that Fannie Mae generally owns and holds its mortgage notes, this somehow proves BAC does not hold the subject note. However, the record does not indicate when the loan was sold to Fannie Mae. Thus, BAC may have still owned the note when it filed the complaint. Further, the guidelines are dated March 14, 2012, and there is no evidence that they were in effect in August 2011, when the complaint in this matter was filed. In addition, these general guidelines do not create a genuine issue of material fact because there is no evidence they apply to the facts before us. Contrary to appellant's argument, there is no evidence that Fannie Mae has possession of or is the holder of the note.

{¶17} Since the note attached to the complaint shows that BAC was its holder when the complaint was filed, in order for appellant to create a genuine issue regarding standing, she would have been required to produce competent testimony that Fannie Mae was in possession of the subject note when the complaint was filed. Appellant has failed to submit such evidence and thus has failed to meet her reciprocal burden to oppose summary judgment. In fact, appellant states she did not offer Fannie Mae's guidelines as evidence to create a genuine issue regarding BAC's standing, but, rather for "impeachment" purposes only. However, impeachment concerns witness credibility,

6

which may not be considered on summary judgment. *Duke v. Sanymetal Products Co.*, 31 Ohio App.2d 78, 83 (8th Dist.1972).

{¶18} Next, appellant argues that in order for BAC to demonstrate it held the note, pursuant to *Schwartzwald*, Ms. Pordash was required to expressly state in her affidavit that BAC was in possession of the *original* note on the date BAC filed the complaint. However, Ms. Pordash stated in her affidavit that BAC "has possession of the note." Since she did not qualify her testimony by saying the bank has possession of a copy of the note, she was referring to the actual note itself, i.e., the original, rather than a copy. "An 'original' of a writing * * * is the writing * * * itself," as opposed to a 'duplicate,' which "reproduce[s] the original." Evid.R. 1001(3) and (4). In any event, appellant has not cited any case law holding that, in these circumstances, the mortgage lender is required to present testimony specifically stating it holds the original note in order to prove standing.

{¶19} To the contrary, Evid.R. 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." The party opposing the introduction of the duplicate has the burden of proving that there is a genuine question as to the authenticity of the original or that it would be unfair to admit the duplicate. *Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 57 (8th Dist.1981). The objection must be something more than a frivolous objection. *Id.* The decision to admit a duplicate is left to the trial court's sound discretion, and, unless it is apparent from the record that the trial court's decision is arbitrary or unreasonable, the determination will not be disturbed on appeal. *Id.*

7

{¶20} Appellant has not raised a genuine issue concerning the authenticity of the note and mortgage attached to Ms. Pordash's affidavit or made a showing that in the circumstances presented here, it would be unfair to admit copies in lieu of the originals.

{¶21} Moreover, there is no requirement in Civ.R. 56(E) that BAC produce the original note or mortgage in order to be entitled to summary judgment. In fact, that rule allows copies of documents to be authenticated by affidavit. Regarding documents referenced in an affidavit, "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *Id.* This requirement is satisfied by a statement in the affidavit declaring that the documents attached are true copies. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981). Ms. Pordash in her affidavit stated that she has reviewed the note and mortgage attached to her affidavit and that they are "true and correct" copies of the business records that were prepared and maintained by BAC in connection with its mortgage loan to appellant. *Thus, in effect, Ms. Pordash stated in her affidavit that the copies attached to her affidavit are true and correct copies of BAC's original records.*

{¶22} In any event, if appellant wanted to inspect the original instruments, she was required to issue a request for production pursuant to Civ.R. 34 or a notice of deposition duces tecum to BAC requiring it to produce the originals pursuant to Civ.R. 30. Appellant never issued such a request or notice and never filed a motion to compel the originals under Civ.R. 37. She thus waived any right to inspect the originals.

{¶23} We therefore hold that, at the time BAC filed the complaint, it was and, according to the undisputed evidence before us, remains the holder of the note. For this reason alone, there is no genuine issue regarding BAC's standing.

8

**{¶24}** Next, appellant argues that Ms. Pordash's affidavit did not comply with Civ.R. 56 because she did not provide any basis as to how she gained personal knowledge of BAC's records. Civ.R. 56(E) provides in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

**{¶25}** "[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶13.

**{¶26}** Further, it is well settled that personal knowledge may be inferred from the contents of an affidavit. *Bush v. Dictaphone Corp.*, 10th Dist. Franklin No. 00AP1117, 2003-Ohio-883, ¶73. Further, it has been held that an officer of the lender could authenticate copies of the loan documents in her affidavit in support of summary judgment based on her review of the lender's loan documents. *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶40. In holding the officer's affidavit authenticated the documents, the Fifth District in *Dobbs* stressed that the officer had access to the original documents to review them and that the debtor did not come forward with any evidence indicating the documents were inaccurate. *Id.*

**{¶27}** Further, it is not necessary that the witness authenticating a business record have firsthand knowledge of the transaction giving rise to the record. *State v. Wagner*, 8th Dist. Cuyahoga No. 93432, 2010-Ohio-2221, ¶25. To the contrary, it is only required that the witness be sufficiently familiar with the operation of the business and

9

with the circumstances of the record's preparation and maintenance that he can reasonably testify, on the basis of this knowledge, that the record is what it purports to be and that it was made in the ordinary course of business. *Id.*

{¶28} Further, Evid.R. 901 governs authentication or identification of evidence. This rule provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶29} Evid.R.901(B) provides that "any competent witness who has knowledge that a matter is what its proponent claims may testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification." *TPI Asset Mgt, LLC v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, ¶15 (2nd Dist.), citing Weissenberger's Ohio Evidence Treatise (2010 Ed.), §901.2. "Conclusive evidence is not required, but the witness's testimony must be sufficient to satisfy the requirement of Evid.R. 602 that '[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.'" *Id.*, quoting Weissenberger.

{¶30} Appellant argues that Ms. Pordash lacked personal knowledge to authenticate the loan documents because her knowledge was based solely on her position as a bank officer without any explanation as to how her position allowed her to testify regarding the records. However, Ms. Pordash stated in her affidavit that she is a vice-president of BAC, and that, as such, she is authorized to execute her affidavit. She said that as part of her job, she is familiar with the type of records maintained by BAC in connection with the instant loan. She said she made her affidavit based on her personal knowledge as to how BAC's business records are created and maintained and

her own review of BAC's business records for the subject loan, including the note, mortgage, and appellant's payment history attached to her affidavit. She said these documents are business records, which were made at or near the time of the occurrence of events referenced therein by persons with personal knowledge of the information in the records; that they are kept in the course of BAC's regularly-conducted business; and that it is the regular practice of BAC to make such records. She said the documents attached to her affidavit are true and accurate copies of BAC's business records.

{¶31} Ms. Pordash further stated that, based on her review of the subject documents, appellant defaulted on the note by failing to make payments due for February 1, 2011, or any subsequent installments; the debt has been accelerated; the principal balance due on the loan is $166,367.73 plus interest; and BAC is in possession of the note. The foregoing information was sufficient to demonstrate Ms. Pordash's personal knowledge of the instant account.

{¶32} Finally, appellant has not presented any evidence indicating that any of the documents attached to Ms. Pordash's affidavit was inaccurate in any way. We thus hold that her affidavit authenticated the subject documents.

{¶33} While appellant's argument centers on the promissory note, as discussed above, the Supreme Court of Ohio in *Schwartzwald* held that standing can be established by a showing that the mortgage lender had an interest in the note *or* in the mortgage when the complaint was filed. Here, in addition to the note, BAC attached to its complaint a copy of the mortgage signed by appellant. Appellant does not dispute that she signed the mortgage in favor of BAC; that BAC remains the mortgagee of record; and that BAC never assigned the mortgage to any third party. Further, Ms.

11

Pordash indicated that the copy of the mortgage attached to her affidavit is a true and accurate copy of the mortgage prepared and maintained as a business record by BAC in connection with this mortgage loan. BAC thus demonstrated there is no genuine issue that, at the time it filed this action, it had an interest in the mortgage and, for this additional reason, had standing to file this action.

{¶34} We therefore hold the trial court did not err in entering summary judgment in favor of BAC.

{¶35} For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶36} Finding that appellant has raised a genuine issue of material fact as to whether BAC had possession of the note – and thus, standing to institute this action – at the time it filed the complaint, I would reverse and remand.

{¶37} It appears that Fannie Mae is the actual owner of the note. Appellant submitted certain regulations from Fannie Mae, downloaded from its website. Information from government websites is self-authenticating, provided the webpage, in fact, exists at a government website. *Residential Funding Co., LLC v. Thorne*, 6th Dist. Lucas No. L-11-1131, 2012-Ohio-2552, ¶29. The regulations submitted include

"Section 202.07.01, 'Ownership and Possession of Note by Fannie Mae' (05/23/08)." This section indicates that Fannie Mae retains possession of notes relating to mortgages, unless an agent specifically requires a note for legal purposes. The majority discounts this evidence, observing there is a date at the top of the submission of March 14, 2012, and that there is no evidence the regulation was in effect at the time the subject complaint was filed, in August 2011. My reading of the record indicates that the March 14, 2012 date might well be the date of the particular Fannie Mae compilation, and that the "05/23/08" date could be the date the section actually took effect. As appellant argues in her brief, nothing in the record shows that BAC requested the original note from Fannie Mae prior to filing its complaint. If BAC did not have possession of the original note at the time the complaint was filed, it lacked standing. The evidence submitted by appellant is sufficient under Civ.R. 56 to raise a genuine issue of material fact on this issue.

{¶38} I respectfully dissent.