[Cite as *CitiMortgage, Inc. v. Hasan*, 2016-Ohio-1544.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103248

---

# CITIMORTGAGE, INC.

PLAINTIFF-APPELLEE

vs.

# KARIEM HASAN, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-825884

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEY FOR APPELLANT**

Antonio S. Nicholson
3552 Northcliffe Road
Euclid, OH 44118


**ATTORNEYS FOR APPELLEE**

Edward Bohnert
Reimer, Arnovitz, Chernek & Jeffrey
P.O. Box 39696
30455 Solon Road
Solon, OH 44139

Jeffrey M. Hendricks
Graydon, Head & Ritchey, L.L.P.
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant, Kariem Hasan, appeals from a judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, CitiMortgage, Inc., in a foreclosure action. For the following reasons, we affirm.

{¶2} In 2009, appellant obtained a loan of $234,572 from American Midwest Mortgage Corporation. He executed a note in that amount and a mortgage on a property located at 33324 Overland Lane, Solon, Ohio, to secure the note.[1] The note was endorsed to CitiMortgage and was further endorsed in blank. The mortgage was assigned to CitiMortgage as well.

{¶3} In 2013, appellant defaulted and a balance of $247,423.61 remained on the loan. In 2014, CitiMortgage filed a complaint for foreclosure. Subsequently, CitiMortgage moved for summary judgment, supporting its motion with an affidavit from Don W. Semon, a Vice President-Document Control Officer of CitiMortgage. Appellant filed a memorandum opposing the summary judgment motion. The trial court granted summary judgment in favor of CitiMortgage.

{¶4} On appeal, appellant raises one assignment of error, claiming the trial court abused its discretion when it granted summary judgment. Appellant claims

---

[1] The note and mortgage were executed by Hasan and Parvati Fair, who was not a party in this appeal.

CitiMortgage was not entitled to enforce the note because it did not produce the original note.

**{¶5}** We review the trial court's judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).

**{¶6}** Once a moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings, rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

**{¶7}** A motion for summary judgment in a foreclosure action must be supported by evidentiary quality materials establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff bank is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17; *Bank of Am., N.A. v. Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 8.

**{¶8}** To prove it is the holder of the note, CitiMortgage submitted an affidavit by Don W. Semon, a Vice President-Document Control Officer of CitiMortgage. Attached to the affidavit was a copy of the subject note. Semon averred that CitiMortgage's records contain the note and that CitiMortgage holds the note and is also the servicer for the loan. He also averred that the copy of the note attached to his affidavit was a true and accurate copy of the note. Semon further stated that he made the statements based upon his personal knowledge and a personal review of the business records for the subject loan, as well as from his own knowledge of the operation and circumstances surrounding the maintenance and retrieval of records in CitiMortgage's record-keeping systems.

**{¶9}** Semon's affidavit was sufficiently based on personal knowledge for Civ.R. 56(E) purposes. *See, e.g., Nationstar Mtge. L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 26; *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 16. Appellant provided no evidence to contradict Semon's averment. Based on this record, therefore, there is no genuine issue of material fact that CitiMortgage is the holder of the note and it is entitled to enforce the note.

**{¶10}** Appellant argues that a genuine issue of material fact exists as to CitiMortgage's possession of the note because CitiMortgage was "unable to provide the original promissory note."

**{¶11}** First, appellant's allegation was belied by the record. The record reflects that while CitiMortgage's motion for summary judgment was pending, appellant filed a motion for subpoena duces tecum, requesting a production of the original note.

CitiMortgage opposed that motion, asserting that CitiMortgage had made the original note available by appointment but appellant never scheduled an appointment to inspect the original note.

{¶12} The trial court issued an order on January 5, 2015, which denied appellant's motion for subpoena duces tecum but required CitiMortgage to bring the original note to a January 16, 2015 status conference, to permit appellant to inspect the note. The court's order stated, "The magistrate will be present to inspect the note." The docket next reflects that, six days after the scheduled conference, the court granted summary judgment in favor of CitiMortgage. Although the record does not indicate expressly that CitiMortgage furnished the original note for appellant's inspection at the scheduled conference, appellant produced no evidence, by way of affidavit or otherwise, that he did not have the opportunity for such an inspection. Based on the court's ruling in favor of the bank soon after the scheduled inspection, we presume regularity in the absence of evidence to the contrary and infer from the record that CitiMortgage did furnish the original note for appellant's inspection as ordered by the court.

{¶13} Second, more importantly, a foreclosing bank is not required to present the original documents and the trial court could rely on copies of a note and mortgage in ruling on a motion for summary judgment in a foreclosure case — the possession of a note is demonstrated by the attachment of a copy of the note to an affidavit, coupled with the affiant's statement concerning the plaintiff bank's possession of the note. *See, e.g., Bank of N.Y. Mellon v. Morgan*, 2d Dist. Montgomery No. 25664, 2013-Ohio-4393, ¶ 50;

*BAC Home Loans Servicing, L.P. v. Untisz*, 11th Dist. Geauga No. 2012-G-3072, 2013-Ohio-993, ¶ 20; *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 16-18. In other words, Civ.R. 56(E) does not require a plaintiff bank to produce the original note or mortgage to be entitled to summary judgment. *Bank of Am., N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶ 21. Rather, Civ.R. 56(E) allows copies of documents to be authenticated by an affidavit and the requirement is satisfied "by a statement in the affidavit declaring that the documents attached are true copies." *Id.*, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). In the present case, CitiMortgage's affiant Semon averred in his affidavit that the copy of the note attached to his affidavit is a true and accurate copy of the note.

{¶14} To support his claim that the original note was required, appellant cites the "best evidence rule" under Evid.R. 1002. That rule states that "[t]o prove the content of a writing * * * the original writing * * * is required, except as otherwise provided in these rules or by statute * * *." Appellant conveniently ignores Evid.R. 1003, which provides a broad exception to the rule. Evid.R. 1003 states: "[a] duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." It is the party who opposes the introduction of the duplicate that bears the burden of proving that there is a genuine question as to the authenticity of the original or that it would be unfair to admit the duplicate. *Merlo* at ¶ 19, citing *Natl. City Bank v.*

*Fleming*, 2 Ohio App.3d 50, 57, 440 N.E.2d 590 (8th Dist.1981).  Appellant Hasan has not created a genuine issue of material fact regarding the authenticity of the note attached to Semon's affidavit, or even attempted to make a showing that under the circumstances of this case it would be unfair to admit a duplicate copy in lieu of the original note.

{¶15} Appellant's assignment of error is overruled.  The trial court properly granted summary judgment in favor of CitiMortgage.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR